IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr311-MHT |
| | ) | (WO) |
| **DAVARKEYON JUNIZ CARLISE** | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Davarkeyon Juniz Carlise. For the reasons set forth below, the court finds that jury selection and trial, now set for March 13, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>    from the date the defendant has appeared
>    before a judicial officer of the court in
>    which such charge is pending, whichever date
>    last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Carlise in a speedy trial. Defense counsel represents that he needs more time to

2

work with Carlise and investigate the case. The court sees no evidence of a lack of diligence on counsel's part. A continuance is necessary to allow defense counsel sufficient time to provide effective representation. Moreover, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 16) is granted.

(2) The jury selection and trial, now set for March 13, 2023, are reset for June 5, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone any appropriate deadlines accordingly.

DONE, this the 2nd day of March, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE