IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL ACTION NO.** |
| **v.** ) | **2:22cr311-MHT** |
| ) | **(WO)** |
| **DAVARKEYON JUNIZ CARLISE** ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Davarkeyon Juniz Carlise. For the reasons set forth below, the court finds that jury selection and trial, now set for November 13, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

> from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a]ny period of delay resulting from the fact that the defendant is ... physically unable to stand trial," § 3161(h)(4), or from a continuance granted based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Carlise in a speedy trial. Defense counsel represented that, due to a serious injury stemming from a major car accident, Carlise has limited movement and is unable to endure prolonged travel. Obviously, the trial cannot go forward without the presence of Carlise. Defense counsel seeks a continuance of up to 60 days to provide time for Carlise to heal. The court will accordingly continue the case to the next trial term available following a two-month period. The government does not oppose the motion.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 36) is granted.

(2) The jury selection and trial, now set November 13, 2023, are reset for February 5, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr.

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall postpone the deadline for change of plea and any other appropriate deadlines accordingly.

DONE, this the 3rd day of November, 2023.

                             /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**